UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LAMONT McCAULEY ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-3043 |
| ) | |
| DR. THOMAS BAKER, et al., ) | |
|     Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff Lamont McCauley, proceeding pro se and currently incarcerated in Western Illinois Correctional Center, pursues claims arising from the denial of medical care. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be

1

granted."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6).  Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, *pro se* pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that he is suffering "abdominal pains, constant gas, chronic fatigue, rashes, weight gain, gastrointestinal distress, kidney problem[s], heart problem[s], passing out [be]cause of pain, panic attacks, insomnia, depression, [and] low body temperature." (Complaint p. 4).  He believes that the alleged excessive soy in the prison diet is causing these problems.  His requests for a soy free diet have been denied.

## ANALYSIS

The Court cannot rule out a possible Eighth Amendment claim for

deliberate indifference to Plaintiff's serious medical needs.  Plaintiff believes that the cause of his suffering is the soy in his diet.  The Court is aware that many prisoners have filed claims in this District seeking a soy-free diet.  The Court is not aware of any of those cases ending in the prisoners' favor.  *See, e.g.,* Conley v. Keys, 2011 WL 3819437 (C.D. Ill., Judge Shadid)(granting summary judgment for defendants on plaintiff's soy claim)(not reported in F.Supp.2d).  However, even if soy is not to blame, Plaintiff's descriptions of his own symptoms allow an inference that he has serious medical needs that have not been addressed.

This claim will proceed only against Drs. Baker, Puisis, and Shah, who have the medical training to diagnose and treat Plaintiff's problems. Defendant Fuqua, the health care administrator, lacks the authority to override the doctors' decisions.

The Court notes that Plaintiff has another pending case, 11-3323, regarding deliberate indifference to similar medical needs.  Consolidation of these cases may be considered after Defendants have been served in this case.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for March 19, 2012, is cancelled. The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against Drs. Shah, Thomas, and Puisis. Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will

require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of

service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

    8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on June 11, 2012, at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough, by video conference.  The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED:   March 9, 2012

FOR THE COURT:

                                        s/Sue E. Myerscough
                                     SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE